| | |
|---|---|
| Innocent Cedeno, | |
|     Plaintiff | |
| v. | Civil Action No. 1:13-cv-10031-RGS |
| Wells Fargo Bank, N.A., et al., | |
| Defendants | |

## MOTION FOR SANCTIONS UNDER
## RULE 11(b) AGAINST PLAINTIFF'S COUNSEL

NOW COMES the Defendant, Scudder Bay Capital, LLC ("Scudder Bay"), and moves that this Court determine and enter appropriate sanctions against the plaintiff's counsel, Uwe Benjamin, Esq. ("Attorney Benjamin"), of the Law Offices of George E. Babcock, Esq. In support hereof Scudder Bay states as follows:

1. On January 23, 2013, Attorney Benjamin filed an emergency motion for a preliminary injunction ("Emergency Motion"). See Exhibit A.

2. In the Emergency Motion Attorney Benjamin stated and represented to this Court that Scudder Bay wasn't the owner of the Plaintiff's property at 318 Pearl Street, Stoughton, Massachusetts ("Property"), doesn't have a valid chain of title to the Plaintiff's Property, and had not complied with Massachusetts foreclosure laws in foreclosing the Property. See Exhibit A.

3. Scudder Bay submits such statements were outright falsehoods and were proffered knowingly by Attorney Benjamin with the intent to mislead and deceive this Court, as evidenced by the following:

a. On September 28, 2012, Scudder Bay foreclosed upon a first mortgage encumbering the Plaintiff's then Property.

b. Scudder Bay was the high bidder at said auction and took title to the Property via a foreclosure deed and affidavit recorded on October 2, 2012 in the Norfolk County Registry of Deeds at Book 30514, Page 236.

c. Scudder Bay subsequently initiated a summary process action against the Plaintiff in the Stoughton District Court, case number 1255SU000210.

d. A summary process action by a foreclosing mortgagee fully adjudicates the mortgagee's title to the property, as the owner must prove it has a proper chain of title, complied with Massachusetts foreclosure laws, and is the owner of the property. See *Sheehan Constr. Co. v. Dudley*, 299 Mass. 51, 53, 12 N.E.2d 182 (1937), *Bank of New York v. Bailey*, 460 Mass 327, 334-335, 951 N.E.2nd 331, 336-337 (2011), *U.S. Bank v. Ibanez*, 458 Mass 637, 941 N.E. 2nd 40 (2011), *Bevilacqua v. Rodriguez*, 460 Mass. 762, 995 N.E.2nd 884 (2011), *Eaton v. Federal National Mortgage Ass'n*, 462 Mass. 569, 969 N.E.2nd 1118 (2012).

e. Attorney Benjamin represented the Plaintiff in the summary process action.

f. Attorney Benjamin raised the same claims in the summary process action that he alleged in his Emergency Motion, namely that Scudder Bay isn't the owner of the Property, doesn't have a valid chain of title to the Property, and had not complied with Massachusetts foreclosure laws in foreclosing the Property.

g. Indeed, attached as Exhibit B is a copy of a brief filed by Attorney Benjamin in the summary process action, as to, in part, the claims advanced by Attorney Benjamin in the action.

h.  The summary process judge denied the claims raised by Attorney Benjamin and following trial entered judgment in favor of Scudder Bay.  See Exhibit C.

i.  The judgment entered on December 14, 2012 and Attorney Benjamin, on behalf of the Plaintiff, had 10 days following the entry of the said judgment to appeal the judgment, but an appeal was not filed.  See M.G.L., Chapter 239, Section 5.

4.  Accordingly, the said claims advanced by the Plaintiff in the Emergency Motion have been fully adjudicated and the Plaintiff, and Attorney Benjamin, are barred under the doctrine of *res judicata* from trying to re-litigate Scudder Bay's ownership of the property, its' chain of title, and its compliance with Massachusetts foreclosure laws. See *Sheehan Constr. Co. v. Dudley*, 299 Mass. 51, 53, 12 N.E.2d 182 (1937).

5.  Attorney Benjamin represented the Plaintiff in the summary process action, knows of the entry of judgment therein, and knows that the time for filing an appeal of the judgment has long since passed.

6.  The Emergency Motion filed by Attorney Benjamin does not in any manner reference the summary process action, the claims advanced therein by Attorney Benjamin, nor that judgment had entered therein.

7.  Scudder Bay submits that in filing the Emergency Motion Attorney Benjamin clearly sought to mislead and deceive this Court.

8.  The unwarranted actions by Attorney Benjamin in seeking to advance and re-litigate the said claims has caused and will continue to cause financial harm to Scudder Bay in that Scudder Bay must expend attorney fees and costs for such matters.

WHEREFORE, Scudder Bay Capital requests the following relief:

    A. That this Honorable Court find that Attorney Benjamin has violated Rule 11(b);

    B. That the Court then determine the appropriate sanction(s) to be assessed against Attorney Benjamin;

    C. That the Court award Scudder Bay its fees and costs for this motion and any hearing on this motion; and

    D. Such other relief as the Court deems just.


Respectfully submitted,

Scudder Bay Capital, LLC
Defendant, by its counsel,

/s/ John F. White_____
John F. White, Esq.  BBO# 558367
jwhite@lipmanwhite.com
Lipman & White
171 Rockland Street, Ste. 201
Hanover, MA 02339
Tel. 617-328-5600

Dated:  February 20, 2013


## CERTIFICATION OF COMPLIANCE WITH RULE 11(c)2

I, John F. White, hereby certify that on January 24, 2013, I mailed a copy of this Motion for Sanctions to Uwe Benjamin, Esq., Law Offices of George E. Babcock, Esq. 574 Central Avenue, Pawtucket, RI 02861. Also, on January 24, 2013 I e-mailed this motion in PDF to attorney Benjamin at his e-mail address of: uwe.benjamin@babcocklawoffices.com. Both the mailing and the e-mail were under the same cover letter requesting attorney Benjamin to provide a response, if any, within the time provided for under Rule 11(c)(2). More than 21 days have passed since I served the Motion for Sanctions upon attorney Benjamin and he has not provided me with a response or contacted my office in any manner in regard to the Motion for Sanctions.

                    /s/ John F. White_____

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, John F. White, hereby certify that I complied with Local Rule 7.1(a)(2) as 21 days before filing this motion I requested, via mail and e-mail, that Plaintiff's counsel contact me to try to resolve the issues set forth in the motion, but Plaintiff's counsel never contacted this office in regard thereto.

/s/ John F. White_____

## CERTIFICATE OF SERVICE

I, John F. White, attorney for Scudder Bay Capital, LLC hereby certify that I have served via electronic notice a copy of this MOTION FOR SANCTIONS UNDER RULE 11(b) AGAINST PLAINTIFF'S COUNSEL upon the below counsel of record herein on February 20, 2013.

/s/ John F. White_____
John F. White, Esq.

Uwe Benjamin, Esq.
Law Offices of George E. Babcock, Esq.
574 Central Avenue
Pawtucket, RI 02861

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **INNOCENT CEDENO,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **C.A. NO.: 1:13-CV-10031 (RGS)** |
| | ) | |
| | ) | |
| **WELLS FARGO BANK, N.A., ET AL.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

**EMERGENCY MOTION**

**PLAINITFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65(a), Plaintiff, hereby respectfully moves that this Honorable Court issue a preliminary injunction in this matter to:

1. STOP, PROHIBIT AND PREVENT DEFENDANT, SCUDDER BAY CAPITAL, LLC AND/OR ITS AGENT FROM EVICTING PLAINTIFF, INNOCENT CEDENO FROM HIS HOME LOCATED AT 318 PEARL STREET, STOUGHTON, MA 02072.

Plaintiff, Innocent Cedeno will be unlawfully evicted from his home on **Friday, January 25, 2013** if such injunction is not granted by this Honorable Court. Defendant, Scudder Bay Capital, LLC and/or its agent is seeking to evict Plaintiff from his home without the proper, legally valid chain of title, as required under Massachusetts laws. Plaintiff has sought redress by way of his Complaint filed and pending before this Honorable Court. *While said matter is before this Honorable Court, an injunction must be granted to protect Plaintiff's due process rights and property rights.*

### A. MOTION FOR PRELIMINARY INJUNCTION STANDARD

The decision to allow or deny a preliminary injunction is a matter of discretion for the Court. LeBeau v. Spirito, 703 F.2d 639, 642 (1st Cir. 2003). To obtain injunctive relief, the

plaintiffs bear the burden of demonstrating: (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships and (4) a fit (or lack of friction) between the injunction and the public interest. Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003).

## B. MOTION FOR PRELIMINARY INJUNCTION STANDARD

Plaintiff's proffered evidence clearly establishes a substantial likelihood of success on the merits. Defendant, Scudder Bay Capital, LLC, and/or its agent ("Scudder Bay") lack legal authority and standing in Plaintiff's property. Defendant, Scudder Bay fails to show a validly legal chain of title in Plaintiff's property. Defendant, Scudder Bay has not strictly complied with the legal requirements and prerequisites to foreclosing, under Massachusetts laws. Defendant, Scudder Bay, violated Massachusetts laws and therefore must be prohibited from unlawfully evicting Plaintiff from his home, as described in the Complaint in this pending matter.

Plaintiff will undoubtedly suffer a significant risk of irreparable harm if this injunction is not granted and the balance of justice and public interest favors allowing Plaintiff to reside in his home while this matter is pending before this Honorable Court. Given the facts and circumstances in this case, Plaintiff is at risk of being evicted by a foreclosing entity that lacks legal authority and standing in the property. Defendant, Scudder Bay's and/or its agent's failure to comply with Massachusetts laws, renders its foreclosure and eviction actions void, which are to be determined at the trial in this matter.

Respectfully Submitted,
Plaintiff,
By His Attorney,

/s/ Uwe Benjamin
Uwe Benjamin, Esq. (#680993)
Law Offices of George E. Babcock, Esq.
574 Central Avenue
Pawtucket, RI 02861
Phone: 401-724-1904/Fax: 401-724-1906
uwe.benjamin@babcocklawoffices.com

## **CERTIFICATE OF SERVICE**

I, Uwe Benjamin, hereby certify that a true and accurate copy of the foregoing document was filed through this Court's ECF System, serving all Counsel of record.

/s/ Uwe Benjamin
Uwe Benjamin

# EXHIBIT B

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, ss.**

NORFOLK DISTRICT COURT
STOUGHTON DIVISION
SUMMARY PROCESS NO.

|  |  |
|---|---|
| SCUDDER BAY CAPITAL, LLC,<br>    **Plaintiff,** | )<br>)<br>) |
| **vs.** | )<br>) |
| INNOCENT CEDENO,<br>    **Defendant.** | )<br>)<br>)<br>) |

## DEFENDANT'S MEMORANDUM OF LAW CONTENDING PLAINTIFF LACKS STANDING AND LEGAL AUTHORITY TO FORECLOSE AND/OR EVICT DEFENDANT, INNOCENT CEDENO

## INTRODUCTION

The Commonwealth of Massachusetts is a "title-theory" state that requires a conveyance for the transfer of property. Plaintiff, Scudder Bay is seeking to unlawfully evict Defendant, Innocent Cedeno from his home. Without evidencing a legal chain of title in the property, Plaintiff cannot comply with Massachusetts foreclosure and eviction laws. Therefore, Plaintiff, Scudder Bay must be prohibited from evicting Defendant, Innocent Cedeno, and this summary process action must be similarly dismissed. Defendant acquired the property located at 318 Peal Street, Stoughton, MA by way of quitclaim deed. (see attached exhibit A). Under Massachusetts law, Plaintiff, Scudder Bay Capital must prove that it strictly complied with the legal requirements to evict a homeowner. The facts in the present case at bar show that Plaintiff lacks standing and legal authority concerning Defendant's home. Any alleged conveyance by way of an assignment is void as a matter of law, and therefore Plaintiff, Scudder Bay would violate Massachusetts law if Defendant were to be unlawfully evicted from his home.

# ARGUMENT

I.   **PLAINTIFF SCUDDER BAY CAPITAL HOLDS A BROKEN CHAIN OF TITLE AND CANNOT EVICT**

Under Massachusetts laws, both the note and mortgage must be legally and validly owned by a foreclosing party. See Eaton v. Fannie Mae, 2012 Mass. Lexis 488 (SJC decision, 2012); U.S. Bank, N.A. v. Ibanez, 458 Mass. 637 (2011); Culhane v. Aurora Loan Servs., 2011 U.S. Dist. LEXIS 136112 (D. Mass. 2011). Plaintiff, Scudder Bay Capital, in its attempts to expeditiously and unlawfully foreclose on Defendant's property, violated Massachusetts laws. An effort to foreclose by an entity "lacking 'jurisdiction and authority' to carry out a foreclosure" - i.e., not holding the mortgage at the time of notice and sale - is void. Ibanez at 647 (quoting Chace v. Morse, 189 Mass. 559, 561, 76 N.E. 142 (1905)); see Aliberti, 779 F. Supp. 2d at 249. Given the nature of Defendant's facts and evidence, Plaintiff fails to hold proper legal standing. The Court held in Ibanez that "[t]he foreclosing entity must hold the mortgage at the time of the notice and sale because an attempt to foreclose prior to a valid assignment of the mortgage is a "structural defect that goes to the very heart of defendant's ability to foreclose by advertisement." Id. at 647 (quoting Davenport v. HSBC Bank USA, 275 Mich. App. 344, 739 N.W.2d 383, 384-85 (Mich. Ct. App. 2007)). For example, as illustrated in Ibanez at 638, the Court found that "[a]fter foreclosing on two properties and purchasing the properties back at the foreclosure sales, U.S. Bank National, as trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-Z were not the original mortgagees, failed to make the required showing that they were the holders of the mortgages at the time of foreclosure. As a result, [US Bank] did not demonstrate that the foreclosure sales were valid to convey title to the subject properties, and their requests for a declaration of clear title were properly denied." Id.

Similar to the case at bar, Plaintiff failed to make a sufficient showing that it owns proper and valid legal title to Defendant's property, as required under _Eaton. Id_. Therefore, any eviction action by Plaintiff, Scudder Bay is void

As owner of the property in this matter, by a quitclaim deed, Defendant, Innocent Cedeno has standing to challenge any invalid foreclosure proceedings and unlawful eviction concerning his property. Defendant contends that Plaintiff is not the current owner of the property, by way of a void Assignment and illegal foreclosure proceedings, in violation of Massachusetts laws. Once an Assignment is void, it has no legal effect on the property, and any subsequent Assignment(s) from wrongful parties are also void, as a matter of law. Defendant, ...nocent Cedeno has clear standing to challenge a wrongful party from instituting an invalid foreclosure and unlawful eviction on his property. See Culhane supra. By challenging the Assignment, Defendant in effect is alleging that a wrongful party is attempting to evict in violation of Massachusetts laws. Plaintiff, Scudder Bay Capital violated Massachusetts laws by failing to execute a legally valid Assignment of Defendant's property. Plaintiff, Scudder Bay must have unequivocal legal standing in connection with the subject note and mortgage to validly foreclose by showing the entire chain of title of the Note and the entire chain of title of the Mortgage, as prescribed in Eaton and Ibanez supra. Plaintiff clearly violated Massachusetts laws by seeking to foreclose on Defendant's property without the proper legal authority. Therefore, Plaintiff, Scudder Bay lacks the required standing and legal authority in this eviction action.

Additionally, Plaintiff, Scudder Bay fails to show that it validly has ownership of both the note and the mortgage, as required under Massachusetts laws. See Eaton supra: ([u]nder the common law, "one must hold both the mortgage and mortgage note before initiating foreclosure.") Id. Any resulting foreclosure notice, foreclosure sale, foreclosure deed, complaint

for authority to foreclose and/or taking of Defendant's property were unlawful, without legal effect and are void. Absent a legally valid written assignment prior to notice required by G.L. c. 244 §35A, G.L. c. 244 §14, and/or G.L. c. 183 §21, any foreclosure sale and/or taking of Defendant's property are wrongful, invalid and void under Massachusetts laws; see In re Huggins, 357 B. R. 180 (Bankr. Mass. 2006), (the Court held that the party that was foreclosing had to have both the note and mortgage at the time of the commencement of the foreclosure action). In the case at bar, the Defendants failed to meet these notice and standing requirements, under Massachusetts laws.

Furthermore, in Ibanez, supra, the Supreme Judicial Court held that [r]ecognizing the substantial power that the statutory scheme affords to a mortgage holder to foreclose without immediate judicial oversight, we adhere to the familiar rule that one who sells under a power [of sale] must follow strictly its terms. If he fails to do so there is no valid execution of the power of sale, and the sale is wholly void. Id. In concluding that a party without a claim to the debt cannot exercise the power of sale, the Court in Eaton v. Fannie Mae, 2011 Mass. Super. LEXIS 267 (Mass. Super. Ct. June 17, 2011) relied on Wolcott v. Winchester, 81 Mass. 461 (1860), and Crowley v. Adams, 226 Mass. 582 (1917) holding that although Massachusetts laws allow for separation of the note and mortgage, they must be rejoined in the same entity before initiating foreclosure proceedings. Plaintiff never held sufficient ownership interest in Defendant's property. Acquiring the mortgage after the entry and foreclosure sale does not satisfy the legal requirements under Massachusetts statute M.G.L. Ch. 244, sec. 1. While "mortgagee" has been defined to include assignees of a mortgage, in other words the current mortgagee, there is nothing to suggest that one who expects to receive the mortgage by Assignment may undertake any foreclosure activity, without first acquiring valid legal title. Any foreclosing party must

4

sufficiently evidence its legal title on the foreclosing property. An invalid foreclosure naturally leads to an invalid eviction. Furthermore, the Court in Sprague v. Kimball, 213 Mass. 380, 383 (Mass. 1913), held that it is well settled by our decisions that an equitable as well as a legal interest in land must be evidenced by some sufficient instrument in writing or it is unenforceable - in this case a valid assignment. Plaintiff, Scudder Bay clearly fails to meet the "legal interest" requirements to convey property or evict under Massachusetts laws.

Plaintiff claims to hold title to the property through an Assignment of Mortgage, but never evidences a legal chain of title and proper ownership of the relevant Note and Mortgage, as required under Massachusetts laws. Therefore, Plaintiff, Scudder Bay has failed to establish sufficient legal title and standing in the Plaintiffs' property to foreclose and/or evict. Defendant herein contends that Plaintiff's alleged chain of title is void. (see attached exhibit B). Similar and analogous to the case at bar, Plaintiff's alleged Assignment of Mortgage failed to legally convey Defendant's note and mortgage between a valid assignor and assignee as required under Massachusetts laws. Plaintiff's alleged Assignment of Mortgage and foreclosure proceedings are void as a matter of law, and have no legal significance affecting Defendant's ownership in the property.

As the laws of Massachusetts mandate, a foreclosing party must own the mortgage and note, a chain of title to that mortgage and note must be so accordingly evidenced and proffered by the foreclosing party, prior to instituting any foreclosure proceedings. Plaintiff, Scudder Bay fails to prove that it holds a validly legal assignment and lacks the standing and legal authority to evict.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff, Scudder Bay's summary process action must be dismissed for lack of standing and legal authority in this matter.

Respectfully Submitted,
The Plaintiff,
By His Attorney,

Uwe Benjamin, Esquire
BBO # 680993
Law Offices of George E. Babcock, Esquire
574 Central Avenue
Pawtucket, RI 02861
Tel.: (401) 724-1904  Fax.:(401) 724-1906
Email: uwe.benjamin@babcocklawoffices.com

## CERTIFICATE OF SERVICE

I, Uwe Benjamin, hereby certify that on this 15<u>th</u> day of November, 2012, via hand-delivery, a copy of the foregoing to Plaintiff's Counsel, John F. White, Lipman & White, 171 Rockland Street, Hanover, MA 02339.

Uwe Benjamin

# EXHBIT A

# MASSACHUSETTS QUITCLAIM DEED

I/We, Edward J. Jannini and Rita March-Jannini of 318 Pearl Street, Stoughton, Massachusetts 02072, for consideration paid, and in full consideration of FOUR HUNDRED THOUSAND AND 00/100 Dollars (U.S. $400,000.00) grant to Innocent Cedeno, Individually, of 18 Monponset Street, Mattapan, Massachusetts 02126 with *quitclaim covenants* the following property in Norfolk, Massachusetts.

Property Address:  318 Pearl Street, Stoughton

A certain parcel of land together with the buildings thereon situated on the Westerly side of Pearl Street in Stoughton, Norfolk County, Massachusetts and being shown as Lot B on "Plan of Land in Stoughton, Mass. dated December 23, 1958, Wallace S. Carson, County Engineer" recorded at Norfolk County Registry of Deeds Book 3694, Page 486 as Plan 1274 of 1958.

Lot B is further bounded and described according to said plan as follows:

EASTERLY                    by Pearl Street, 175.00 feet;

NORTHERLY                   by Lot A, 200.00 feet;

WESTERLY                    by Lot A, 175.00 feet; and

SOUTHERLY                   by land now or formerly of Arthur Dixon et ux, 200.00 feet.

Containing 34,972 square feet according to said plan.

For title see deed recorded with Norfolk County Registry of Deeds Book 8575 Page 291.

Witness my/our hand(s) and seal(s) this 17th day of November, 2006.

_Edward J. Jannini_                          _Rita March-Jannini_
Edward J. Jannini                            Rita March-Jannini

## Commonwealth of Massachusetts

Norfolk, SS                                                    November 17, 2006

On this 17th day of November, 2006, before me, the undersigned notary public, personally appeared Edward J. Jannini and Rita March-Jannini, proved to me through satisfactory evidence of identification, which were a drivers license, to be the persons(s) whose name is signed on the preceding or attached document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose.

Notary Public:  Adam D. Mazonson
My Commission Expires: April 11, 2008

PROPERTY ADDRESS:   318 Pearl Street Stoughton, Massachusetts 02072

CANCELLED
DEDHAM
NOV 21 2006 REG#17
NORFOLK

11/21/06 11:17AM    01
000000 #7951
FEE        $1824.00
CASH   $1824.00

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
_William P. O'Donnell_
WILLIAM P. O'DONNELL, REGISTER

ADAM D. MAZONSON
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires April 11, 2008

# EXHBIT B



# Commonwealth of Massachusetts

SOUTHERN ESSEX DISTRICT REGISTRY OF DEEDS
SHETLAND PARK
45 CONGRESS STREET
SUITE 4100
SALEM, MASSACHUSETTS 01970

JOHN L. O'BRIEN, JR.
*Register of Deeds*
(978) 542-1704
Fax: (978) 542-1706
e-mail: southernessexcustomerservice@sec.state.ma.us
www.salemdeeds.com

***A division of the Secretary of the Commonwealth***
**WILLIAM FRANCIS GALVIN, SECRETARY**

Innocent Cedeno
318 Pearl Street
Stoughton, MA. 02072

Dear Innocent,

In an attempt to provide you with more assistance, I have enclosed, an affidavit signed by me, as Register of the Southern Essex District Registry of Deeds, attesting to the presence of a robo-signed signature on your document as listed on McDonnell Property Analytics Approved Robo-signers List. If you are currently being foreclosed upon, this affidavit may be presented to your attorney, the lender, or the court to show that your chain of title has been corrupted. For those of you who are not in foreclosure, the affidavit may be presented to your current lender to show that a robo-signed document has in fact been recorded in your chain of title and be part of a request to investigate how this happened and what the lender is going to do to correct it.

Thank you for contacting us concerning your robo-signed document. Should you have any further questions or need assistance, please contact my Customer Service Department at 978-542-1704.

With Regards,

John O'Brien
Register of Deeds

## AFFIDAVIT OF JOHN L. O'BRIEN, REGISTER OF DEEDS
## SOUTHERN ESSEX DISTRICT

I, John L. O'Brien, Register of the Southern Essex District Registry of Deeds, do hereby swear or aver as follows:

1. The attached copy of the document dated June 13, 2011 and recorded in the Norfolk County Registry of Deeds in Book 28864, Page 234 is either signed, notarized or witnessed by an identified robo-signer or a surrogate-signer. (See Exhibit A attached hereto).

2. As of June 2011 it has been my policy, on documents recorded in my registry, as follows:

   a. IF THERE ARE VARIATIONS OF AN ALLEGED ROBO-SIGNER ON RECORD AT MY REGISTRY – I require that all documents sent for recording that are executed by that alleged robo-signer, be independently verified by an affidavit that the signature is in fact the signature of the named individual, prior to recording. (See Exhibit B attached hereto).

   b. IF THERE ARE NO VARIATIONS OF AN ALLEGED ROBO or SURROGATE SIGNER ON RECORD AT MY REGISTRY – I record the documents and forward them to the Massachusetts Attorney General's Office for review and possible violation of a Crime Against Property, specifically MGL Chapter 266, Section 35A (b) (4).

3. I have instituted this policy based on the opinion of our forensic analyst, Marie McDonnell of McDonnell Property Analytics who has provided me with a list of robo and surrogate signers (the "List")and the following definitions:

   "robo-signer":*The person on a legal document processing assembly line whose only task is to sign previously prepared documents affecting title to real property in a robotic-like fashion without reading the documents or verifying the facts contained therein by reviewing primary source evidence. The robo-signer's mission is to expedite the documents' recordation in the public land records or in court proceedings. Additionally, robo-signers regularly fail to establish or simply do not have the authority to execute these documents on behalf of the legal title holder or principal on whose behalf they purport to act.*

   "surrogate signer":*A person who signs a legal document on behalf of and in the name of another without reading it or understanding the document's contents; surrogate-signers are not authorized to execute these documents on behalf of the legal title holder or principal on whose behalf they purport to act.*

4. I am aware that GREG SCHLEPPY is an alleged robo or surrogate signer that is on the List.

Signed this 26th day of September 2012, under the pains and penalties of perjury.

_____
John L. O'Brien, Register

Loan No.: 7000029718

Min No.: 100176106110816452
MERS Phone: 1.888.679.6377

When recorded return to:
Marinosci Law Group, P.C.
1350 Division Road, Suite 301
West Warwick, RI 02893
MLG File No.: 11-06281FC

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

CERTIFY

*William P. O'Donnell*
WILLIAM P. O'DONNELL, REGISTER

Bk 28864 Pg234 #54546
06-13-2011 a 03:44p

## ASSIGNMENT OF MORTGAGE
## MASSACHUSETTS

This **ASSIGNMENT OF MORTGAGE** is made and entered into as of this 31 day of MAY, 2011. from Mortgage Electronic Registration Systems, Inc., whose address is P.O. Box 2026, Flint, MI 48501 ("Assignor") to Wells Fargo Bank, N.A., as Trustee for Stanwich Mortgage Loan Trust, Series 2010-3 Asset-Backed Pass-Through Certificates, whose address is 101 North Phillips Avenue, Sioux Falls, SD 57104 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, transfer and set over unto the Assignee, its successors, transferees and assigns forever, all of the right, title and interest of said Assignor in and to the following instrument describing land therein, duly recorded in the Norfolk County Registry of Deeds, Commonwealth of Massachusetts, as follows:

Mortgagor: **Innocent Cedeno**
Mortgagee: **Mortgage Electronic Registration Systems, Inc.**
Document Date: **November 17, 2006**
Recording Date: **November 21, 2006**
Book/Volume/Docket/Liber: **24287**
Page/Folio: **81**
Property address: **318 Pearl Street, Stoughton, Massachusetts**
Property described as follows:

### FOR A COMPLETE LEGAL DESCRIPTION SEE ABOVE REFERENCED RECORDED MORTGAGE

Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges.

This Assignment is made without recourse, representation or warranty.

IN WITNESS WHEREOF the Assignor has caused these presents to be executed in its name by its proper officer thereunto duly authorized, the 31 day of MAY, 2011.

Signed, sealed and delivered in the presence of:

(1) _____
        Witness    *Lexio Guiller*

(2) _____
        Witness    *Claudia Orozo*

Mortgage Electronic Registration Systems, Inc.

BY: _____

Name: GREG SCHLEPPY

Title: ASSISTANT SECRETARY

---

STATE OF CALIFORNIA          )
                             )ss.
COUNTY OF ORANGE )

In Santa Ana California on the 31 day of MAY, 2011, before me personally appeared GREG SCHLEPPY, the Authorized Representative of Mortgage Electronic Registration Systems, Inc. to me known and known by me to be the party executing the foregoing instrument, and (s)he/she acknowledged said instrument by him/her executed to be/his/her free act and deed. and the free act and deed of Mortgage Electronic Registration Systems, Inc.

_____
Notary Public
Name: YESENIA FRANCO
My commission Expires: 11/2/2012

YESENIA FRANCO
COMM. #1821344
Notary Public - California
Los Angeles County
My Comm. Expires Nov. 2, 2012
NRO1



**DEVAL L. PATRICK**
GOVERNOR

**TIMOTHY P. MURRAY**
LIEUTENANT GOVERNOR

**GREGORY BIALECKI**
SECRETARY OF HOUSING AND
ECONOMIC DEVELOPMENT

**BARBARA ANTHONY**
UNDERSECRETARY, OFFICE OF
CONSUMER AFFAIRS AND
BUSINESS REGULATION

**DAVID J. COTNEY**
COMMISSIONER OF BANKS

March 5, 2012

Cedeno Innocent
318 Pearl Street
Stoughton, MA 02072

Re: Scudder Bay Capital, LLC, Complaint ID #2012-0127

The Division of Banks (the "Division") has received your correspondence regarding Scudder Bay Capital, LLC ("Scudder Bay").

After reviewing the contents of your complaint, the Division has determined that it is unable to assist in your attempt at modification, as the Division does not have the ability to negotiate refinancing options between consumers and lenders or alter the terms of your contract. Should you be interested in speaking with a mortgage counselor about your current mortgage situation, please contact Neighborworks' HOPE hotline at (888) 995-4673. Please have your loan paperwork with you when you call, so the mortgage counselor you speak with can best assess your situation and assist you in identifying the best avenues of recourse available.

Additionally, for information regarding the possibility that your loan may be transferred or sold, please review the Notice of Assignment, Sale, or Transfer of Servicing Rights, which you would have signed during the closing of your loan.

Finally, the Division's records indicate that Scudder Bay is not licensed to conduct debt collection activities in the Commonwealth of Massachusetts. Consequently, the Commissioner of Banks issued a Cease Activity Letter to Scudder Bay on March 1, 2012. A copy of the cease letter is enclosed for your reference.

The Division appreciates your concern. A copy of your complaint will be maintained on file in the instance of similar complaints in the future.

Sincerely,

Cristina Bleicher
Consumer Assistance Unit
Massachusetts Division of Banks

Enclosure

# EXHIBIT C

| JUDGMENT FOR PLAINTIFF(S) FOR POSSESSION AND RENT | DOCKET NUMBER<br>**1255SU000210** | Trial Court of Massachusetts<br>District Court Department<br>Summary Process Session |  |
|---|---|---|---|

Scudder Bay Capital LLC v. Innocent Cedeno

SUBJECT PREMISES
318 Pearl Street , Stoughton, MA 02072

| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>Scudder Bay Capital LLC | COURT NAME & ADDRESS<br>Stoughton District Court<br>1288 Central Street<br>Stoughton, MA 02072 |
|---|---|
| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>Innocent Cedeno | NEXT COURT EVENT (IF ANY)<br>**No Future Event Scheduled** |
| ATTORNEY (OR PRO SE PARTY) TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>John F White Jr., Esq.<br>Lipman & White<br>171 Rockland Street, Ste. 201<br>Hanover, MA 02339 | FURTHER ORDERS OF THE COURT |

### JUDGMENT FOR PLAINTIFF(S) FOR POSSESSION AND RENT

On the above action , after trial by a judge, the issues having been duly tried or heard, and a finding or verdict having been duly rendered, IT IS ORDERED AND ADJUDGED by the Court (Hon. Richard D Savignano ) that the plaintiff(s) named above recover of the Defendant(s) named above possession of the subject premises shown above and, for unpaid rent, use and occupation, the "Judgment Total" shown below plus other costs as may be taxed pursuant to law, with postjudgment interest thereon pursuant to G.L. c. 235, § 8 at the "Annual Interest Rate" shown below from the "Date Judgment Entered" shown below until the date of payment.

### NOTICE OF ENTRY OF JUDGMENT

Pursuant to Mass. R. Civ. P. 54, 58, 77(d) and 79(a) and Uniform Summary Process Rule 10(d), this Judgment has been entered on the docket on the "Date Judgment Entered" shown below, and this notice is being sent to all parties.

| | |
|---|---|
| 1. Date of Breach, Demand or Complaint | 10/30/2012 |
| 2. Date Judgment Entered | 12/14/2012 |
| 3. Number of Days of Prejudgment Interest *(line 2 - Line1)* | 45 |
| 4. Annual Interest Rate of /365.25 = Daily Interest rate | |
| 5. Single Damages | $ |
| 6. Prejudgment Interest   *(lines 3x4x5)* | $ |
| 7. Double or Treble Damages Awarded by Court *(where authorized by law)* | $ |
| 8. Costs Awarded by Court | $ |
| 9. Attorney Fees Awarded by Court *(where authorized by law)* | $ |
| 10. **JUDGMENT TOTAL PAYABLE TO PLAINTIFF(S)**<br>*(Lines 5+6+7+8+9)* | $0.00 |

| DATE JUDGMENT ENTERED<br>12/14/2012 | CLERK-MAGISTRATE/ASST. CLERK<br>X |
|---|---|

www.mass.gov/courts                    Date/Time Printed:  12-14-2012 09:11:11