# UNITED STATES DISTRICT COURT
## DISTRICT OF EASTERN MASSACHUSETTS

| | |
|---|---|
| Innocent Cedeno, | |
|      Plaintiff | |
| v. | Civil Action No. 1:13-cv-10031-RGS |
| Wells Fargo Bank, N.A., et al., | |
| Defendants | |

## ANSWER OF THE DEFENDANT, AMY LIPMAN-WHITE, ESQ.

NOW COMES the Defendant, Amy Lipman-White, Esq.("Attorney Lipman"), and hereby submits Attorney Lipman's answer to the complaint. Except as expressly admitted, qualified or explained herein, Attorney Lipman denies each and every allegation of the complaint:

1. No response is required as the averment calls for conclusions of law.

2. Admitted as to the existence of the Plaintiff, but Attorney Lipman does not have sufficient information to admit or deny the remainder of the averment.

3. Attorney Lipman does not have sufficient information to admit or deny the averment.

4. Attorney Lipman does not have sufficient information to admit or deny the averment.

5. Attorney Lipman does not have sufficient information to admit or deny the averment.

6. Admitted, and in answering further Scudder Bay Capital ("Scudder Bay") is a limited liability company.

7. Attorney Lipman does not have sufficient information to admit or deny the averment.

8. Admitted, except denied that the Plaintiff has properly named the said entity.

9. Admitted.

10. Admitted, except denied that the Plaintiff has properly named the said attorney.

11. Admitted.

12. Attorney Lipman does not have sufficient information to admit or deny the averment.

13. Admitted.

14. Admitted.

15. No response is required as the averment calls for conclusions of law. Without waiver thereof, denied.

16. No response is required as the averment calls for conclusions of law. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action. Without waiver thereof, the allegation is also denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

17. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.

18. No response required as the averment does not pertain to Attorney Lipman. Further, no response is required as each of the referenced exhibits speaks for itself.

19. No response is required as the averment calls for conclusions of law. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action. Without waiver thereof, the allegation is also denied as Scudder Bay's foreclosure of the said

mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

20. No response is required to so much of the averment that is speculative, general and self-serving to the Plaintiff. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action. Without waiver thereof, the allegation is also denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

21. No response is required to so much of the averment that is speculative, general and self-serving to the Plaintiff. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action. Without waiver thereof, the allegation is also denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

22. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.

23. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman. Further, no response is required as the referenced notice speaks for itself.

24. No response is required as the averment sets forth speculation and/or conclusions of law for which no response is required. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action. Without waiver thereof, the allegation is also denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

25. No response is required as the averment sets forth speculation and/or conclusions of law for which no response is required. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action. Without waiver thereof, the allegation is also denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

26. No response is required as the averment contains conclusions of law and does not pertain to Attorney Lipman. Without waiver thereof, the allegation is denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor

of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

27. No response is required as the averment contains conclusions of law and does not pertain to Attorney Lipman.  Without waiver thereof, the allegation is denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

28. No response is required as the averment contains conclusions of law and does not pertain to Attorney Lipman.

29. No response is required as the averment contains conclusions of law and does not pertain to Attorney Lipman.  Without waiver thereof, the allegation is denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

30. No response is required as the averment contains conclusions of law for which no response is required and does not pertain to Attorney Lipman.  Without waiver thereof, the allegation is denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

31. No response is required as the averment contains conclusions of law and does not pertain to Attorney Lipman.

32. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman. Further, no response is required as the referenced document speaks for itself.

33. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman. Further, no response is required as the referenced document speaks for itself.

34. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.

35. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman. Further, no response is required as the referenced document speaks for itself.

36. No response is required as the averment does not pertain to Attorney Lipman. Without waiver thereof, denied that exhibit 4 is a letter from Topkins & Bevans.

37. Admitted the notice was sent, but no further response is required as the document speaks for itself.

38. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.

39. No response is required as this averment does not pertain to Attorney Lipman. Without waiver thereof, the allegation is denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December

14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

40. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman. Additionally, no response is required as the referenced exhibit speaks for itself.

41. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.

42. No response is required as the averment calls for conclusions of law for which no response is required.

43. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman. Additionally, no response is required as the referenced exhibit speaks for itself.

44. No response is required as the averment calls for conclusions of law for which no response is required.

45. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman. Without waiver thereof, denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

46. Admitted that Scudder Bay purchased the subject property at foreclosure. Attorney Lipman lacks sufficient information to admit or deny the remainder of the averment.

47. No response is required as to so much of the averment that calls for conclusions of law. Without waiver thereof, Attorney Lipman did not handle any part of the said foreclosure action and therefore denies ever billing for services in regard to the foreclosure. Without waiver thereof, denied the Scudder Bay's foreclosure of the said mortgage was invalid as the foreclosure was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

48. No response is required as the averment calls for conclusions of law.

49. No response is required as to so much of the averment that calls for conclusions of law and does not pertain to Attorney Lipman. Further, no response is required for so much of the averment referencing documents, as the said documents speak for themselves.

50. No response is required as the averment contains speculation by the Plaintiff, does not pertain to Attorney Lipman, and calls for conclusions of law.

51. No response is required as the averment contains speculation by the Plaintiff, does not pertain to Attorney Lipman, and calls for conclusions of law.

52. No response is required as the averment contains speculation by the Plaintiff, does not pertain to Attorney Lipman, and calls for conclusions of law.

53. No response is required as the averment calls for conclusions of law.

54. No response is required as the averment sets forth speculation and/or conclusions of law for which no response is required. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any

part of the said foreclosure action. Without waiver thereof, the allegation is also denied as Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

55. No response is required as the averment sets forth speculation and/or conclusions of law for which no response is required. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action.

56. No response is required as the averment sets forth speculation and/or conclusions of law for which no response is required. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action. However, admitted that Attorney Lipman's firm was involved in the post-foreclosure summary process action against the Plaintiff in which Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

57. No response is required as to so much of the averment that calls for conclusions of law. Without waiver thereof, denied.

58. No response is required as to so much of the averment that calls for conclusions of law and which attempts to characterize the attorney-client relationship.

59. No response is required as to so much of the averment that calls for speculation, conclusions of law and which attempts to characterize the attorney-client relationship. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action. However, Attorney Lipman's firm was involved in the post-foreclosure summary process action against the Plaintiff in which Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

60. No response is required as to so much of the averment that calls for speculation, conclusions of law and which attempts to characterize the attorney-client relationship. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action. However, Attorney Lipman's firm was involved in the post-foreclosure summary process action against the Plaintiff in which Scudder Bay's foreclosure of the said mortgage was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

61. No response is required as the averment sets forth speculation and/or conclusions of law for which no response is required. To the extent a response is deemed required,

Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action.

62. No response is required as the averment sets forth speculation and/or conclusions of law for which no response is required. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action.

63. No response is required as to so much of the averment calling for conclusions of law for which no response is required. Without waiver thereof, denied.

64. No response is required as the averment sets forth speculation and/or conclusions of law for which no response is required. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action and has not recorded any documents pertaining to this matter in the registry of deeds. Without waiver thereof, denied as Scudder Bay's foreclosure of the said mortgage, and its chain of title as set forth in the registry of deeds, was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

65. No response is required as to so much of the averment that calls for conclusions of law and does not pertain to Attorney Lipman. Further, no response is required as to so much of the averment referencing the document, as the said document speaks for itself.

66. No response is required as to so much of the averment that calls for conclusions of law and does not pertain to Attorney Lipman. Further, no response is required for so much of the averment referencing the document, as the said document speaks for itself.

67. No response is required as the averment does not pertain to Attorney Lipman.

68. Admitted that a response was issued but denied that the response was insufficient. No further response is required as the referenced document speaks for itself.

69. No response is required as the averment does not pertain to Attorney Lipman. Further, no response is required for so much of the averment referencing the document, as the said document speaks for itself.

70. No response is required as to so much of the averment that calls for conclusions of law and does not pertain to Attorney Lipman. Without waiver thereof, denied as Scudder Bay's foreclosure of the said mortgage, and its chain of title as set forth in the registry of deeds, was adjudicated as proper and in compliance with all applicable foreclosure laws via a final judgment entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

71. No response is required as the averment sets forth speculation and/or conclusions of law for which no response is required. To the extent a response is deemed required, Attorney Lipman denies the same as, in part, Attorney Lipman did not handle any part of the said foreclosure action.

72. No response is required as the averment does not pertain to Attorney Lipman. Further, no response is required for so much of the averment referencing the document, as the said document speaks for itself.

73. No response is required as the averment does not pertain to Attorney Lipman. Further, no response is required for so much of the averment referencing the document, as the said document speaks for itself.

74. No response is required as the averment sets forth speculation and/or statements of the Plaintiff that aren't specific to Attorney Lipman.

75. (*Numbered as 74 by Plaintiff*) Denied that any of the documents contained within exhibit 11 were recorded on June 6, 2011. The remainder of the averment is denied as the assignment was adjudicated as a valid assignment via a final judgment that entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

76. (*Numbered as 75 by Plaintiff*) No response is required as the referenced document speaks for itself.

77. (*Numbered as 76 by Plaintiff*) Denied there is a document within exhibit 11 that was dated and/or recorded on June 6, 2011. No response is required as to so much of the averment referencing the contents of the assignment, as the document speaks for itself. Attorney Lipman lacks sufficient information to admit or deny the remainder of the averment. In answering further, the assignment was adjudicated as a valid assignment via a final judgment that entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

78. (*Numbered as 77 by Plaintiff*) Denied, as no document within exhibit 11 was dated and/or recorded on June 6, 2011. No further response is required as the referenced document speaks for itself.

79. (*Numbered as 78 by Plaintiff*) Denied that any of the documents contained within exhibit 11 are dated and/or recorded on June 6, 2011. Denied that the assignment is not valid as the assignment was adjudicated as a valid assignment via a final judgment that entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210. No response is required for the remainder of the averment as each of the referenced terms and conditions of MERS speaks for itself.

80. (*Numbered as 79 by Plaintiff*) Attorney Lipman lacks sufficient information to admit or deny the averment.

81. (*Numbered as 80 by Plaintiff*) Denied that any of the documents contained within exhibit 11 are dated and/or recorded on June 6, 2011. No response is required as to so much of the averment referencing the contents of the assignment, as the document speaks for itself. No response is required for the remainder of the averment which is speculation on the part of the Plaintiff. In answering further, the assignment was adjudicated as a valid assignment via a final judgment that entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210.

82. No response is required as to so much of the averment referencing the contents of the assignment, as the document speaks for itself. Without waiver thereof, denied that the assignment does not set forth the recording information for the referenced power

of attorney.  Attorney Lipman lacks sufficient information to admit or deny the remainder of the averment.

83. No response is required as each of the documents speaks for itself.

84. No response is required as the averment calls for conclusions of law, is speculative, self-serving and does not allege anything specific to Attorney Lipman.

85. No response is required for the first sentence of the averment as the referenced regulations and/or documents speak for themselves.  No response is required as to so much of the averment that speculates and sets forth self-serving conclusions of the Plaintiff.  As to the remainder of the averment, Attorney Lipman does not have sufficient information to admit or deny the same.

86. Denied, although in answering further a purported Qualified Written Request letter was issued by the Plaintiff on or about said date and to which request Attorney Lipman's firm issued a response on behalf of Scudder Bay.

87. No response is required as to so much of the averment that calls for conclusions of law and does not pertain to Attorney Lipman.  Further, no response is required as to the referenced records and regulation(s) speak for themselves.

88. No response is required as the averment calls for conclusions of law, speculation, is self-serving to the Plaintiff, and does not pertain to Attorney Lipman.   Further, a response is not required as the referenced document speaks for itself.

89. No response is required as the averment does not pertain to Attorney Lipman.

90. No response is required as Attorney Lipman is unable to ascertain with certainty what "closing" the Plaintiff is referring too.  Without waiver thereof, no response is required as the underlying document(s) speaks for itself.

91. No response is required as the averment does not pertain to Attorney Lipman. Further, no response is required as to the referenced documents speak for themselves.

92. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.

93. No response is required as to so much of the averment referencing the contents of the assignment, as the document speaks for itself. No response is required for the remainder of the averment which seeks to characterize the rules and regulations of MERS, as the said rules and regulations speak for themselves.

94. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman. Further, no response is required as to so much of the averment referencing the contents of the assignment, as the document speaks for itself. In answering further, the assignment was adjudicated as a valid assignment via a final judgment that entered in favor of Scudder Bay on December 14, 2012, by the Stoughton District Court, summary process division, case number 1255SU000210. Attorney Lipman lacks sufficient information to admit or deny the remainder of the averment.

95. No response is required as the averment does not pertain to Attorney Lipman.

96. Attorney Lipman restates and realleges and incorporates by reference herein her prior responses herein.

97. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.

98. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.

99. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.

100. Attorney Lipman restates and realleges and incorporates by reference herein her prior responses herein.

101. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.

102. Attorney Lipman restates and realleges and incorporates by reference herein her prior responses herein

103. No response required as the averment calls for conclusions of law.

104. No response is required as the averment calls for conclusions of law.

105. (*including responses to subsections (a) – (l)*)  As to Attorney Lipman, no response is required as the averment, including all subsections, call for conclusions of law. Without waiver thereof, Attorney Lipman denies the averment, including all subsections.  In answering further Attorney Lipman lacks sufficient information to admit or deny the averment, including all subsections, as to the other parties named therein..

106. Attorney Lipman restates and realleges and incorporates by reference herein her prior responses herein.

107. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman.  Additionally, no response is required for the said letter as the document speaks for itself.

108. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman

109. No response is required as the averment calls for conclusions of law and does not pertain to Attorney Lipman

110. No response is required as the averment does not pertain to Attorney Lipman. Further, no response is required for so much of the referenced membership rules, which rules speak for themselves.

111. No response is required as the averment calls for conclusions of law. Without waiver thereof, Attorney Lipman lacks sufficient information to admit or deny the averment.

**WHEREFORE**, Attorney Lipman prays that the Court grant relief as follows:

A. Dismiss the Plaintiff's complaint with prejudice;

B. Award Attorney Lipman her costs and attorney fees incurred in having to defend against the Plaintiff's action; and

C. Such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff has failed to state any claims upon which relief may be granted.

### SECOND DEFENSE

At all times herein Attorney Lipman's firm acted as summary process counsel to Scudder Bay in the summary process action brought against the Plaintiff post-foreclosure. The summary process action sought possession only (Scudder Bay reserving all rights to bring a separate action for money damages) and the summary process judgment amount was that entered was in the amount zero (-0-). Accordingly, the Fair Debt Practices

Collection Act, 15 U.S.C. §1692a, et seq., does not apply to Attorney Lipman, or her firm, as at no time was Attorney Lipman, or her firm, seeking through the summary process action to collect a debt on behalf of another.

**THIRD DEFENSE**

To the extent that the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied, Attorney Lipman and her firm are nonetheless not liable for such violations pursuant to 15 U.S.C. §1692k(c).

**FOURTH DEFENSE**

To the extent that the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied, single damages only may be awarded against Attorney Lipman, and multiple, duplicative damages may not also be awarded against Attorney Lipman's firm and/or partner.

**FIFTH DEFENSE**

At all times herein Attorney Lipman's firm acted as summary process counsel to Scudder Bay in the summary process action brought against the Plaintiff post-foreclosure. The summary process action sought possession only (Scudder Bay reserving all rights to bring a separate action for money damages) and the summary process judgment amount was that entered was in the amount zero (-0-). Accordingly, the Massachusetts counter-part to the Fair Debt Practices Collection Act, being set forth in 209 CMR 18:00, et seq.,

do not apply to Attorney Lipman and her firm; since Attorney Lipman and her firm did not through the summary process action seek to collect a debt on behalf of another.

## SIXTH DEFENSE

Pursuant to 209 CMR 18:23, in the event of a conflict between the provisions of Massachusetts 209 CMR 18:00, et seq., and the Federal statutes and regulations governing the collection of debts, the Federal statutes and regulations shall control and supersede the Massachusetts regulations.

## SEVENTH DEFENSE

Any claims of the Plaintiff against Attorney Lipman that arise or are based in manner on allegation(s) that there was a defect in the foreclosure process/proceeding, including but not limited to the Plaintiff's claims as to the validity the foreclosure action and Scudder Bay's title to the foreclosed property, are barred by the doctrine of *res judicata* as all of the said claims of the Plaintiff were previously litigated in a summary process action between the parties in the Stoughton District Court, case number 1255SU000210, and in which action the court wholly rejected the claims of the Plaintiff and ruled in favor of Scudder Bay via a judgment that entered on December 14, 2012.

## EIGHTH DEFENSE

Any claims of the Plaintiff against Attorney Lipman that arise or are based in manner on allegation(s) that there was a defect in the foreclosure process/proceeding, including but not limited to the Plaintiff's claims as to the validity the foreclosure action

and Scudder Bay's title to the foreclosed property, are barred as Attorney Lipman and her firm did not handle any part of the foreclosure proceeding.

## NINTH DEFENSE

The Plaintiff has not suffered any damages.

## TENTH DEFENSE

To the extent that the Plaintiff claims to have suffered damages, which is disputed by Attorney Lipman, the Plaintiff has failed to mitigate any such claimed damages.

## ELEVENTH DEFENSE

The Plaintiffs claims against Attorney Lipman were brought in bad faith and for the purpose of harassment.

## TWELFTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRTEENTH DEFENSE

Any actions taken by Attorney Lipman and/or her law firm against the Plaintiff were done in accordance with the requirements of Massachusetts and/or federal law.

## FOURTEENTH

If the Plaintiff was damaged as alleged in the complaint any such damage was a result of acts or omissions of persons or entities over whom Attorney Lipman had no control and/or for whose conduct Attorney Lipman is not legally responsible.

## FIFTEENTH

The Plaintiff's claims are barred by the doctrines of unclean hands and estoppel.


Respectfully submitted,

Amy Lipman-White, Esq.,
Defendant, Pro Se,

/s/ Amy Lipman-White_____
Amy Lipman-White, Esq.  BBO# 559230
alipman@lipmanwhite.com
Lipman & White
171 Rockland Street, Ste. 201
Hanover, MA 02339
Tel. 617-328-5600

Dated:  March 20, 2013

## CERTIFICATE OF SERVICE

I, Amy Lipman-White, Esq., hereby certify that I have served via electronic notice a copy of this Answer upon the below counsel of record herein on March 20, 2013.

/s/ Amy Lipman-White_____
Amy Lipman-White, Esq.

Uwe Benjamin, Esq.                       John F. White, Esq.
Law Offices of George E. Babcock, Esq.   Lipman & White
574 Central Avenue                       171 Rockland Street, Ste. 201
Pawtucket, RI 02861                      Hanover, MA 02339